UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:10CR618 AGF |
| WILLIAM GHOLSON, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). Presently pending is a motion of Defendant Gholson to dismiss Count Three of the indictment. The parties advised the undersigned that they would not be requiring a hearing on this issue, but would submit the issue on the motion and response thereto.

The Defendant alleges that Count Three of the indictment violates the Fair Sentencing Act of 2010, in that it alleges that only 50 grams of cocaine base or crack cocaine trigger a mandatory minimum sentence whereas under the Fair Sentencing Act of 2010, an amount of 280 grams are required to trigger a minimum sentence of 10 years. He alleges that the conspiracy charged in count three starts prior to the act but goes until after the act is in effect. Therefore, he states that the portion of Count Three of the indictment alleging a conspiracy to distribute crack cocaine in the amount of 50 grams or greater should be stricken from the indictment or dismissed.

The Government states that what Gholson is attempting to do is to have the Court retroactively apply the Fair Sentencing Act of 2010 in order to dismiss Count Three. However, because of the savings statute, 1 U.S.C. § 109, the Government states that the Fair Sentencing Act

can not be applied to Gholson's case. In United States v. Smith, 632 F.3d 1043 (8th Cir. 2011), the Court stated:

> At common law, the repeal of a criminal statute or its reenactment with reduced penalties abated a prosecution that had not reached final disposition in the highest court authorized to review the conviction and sentence. . . To avoid such abatements, which were often inadvertent, Congress enacted the general savings statute.

Further, because the Fair Sentencing Act was not made retroactive, Court's must apply the penalties in effect at the time the crime was committed. United States v. Finch, 630 F.3d 1057, 1063 (8th Cir. 2010); United States v. Brewer, 624 F.3d 900, 909, n.7 (8th Cir. 2010).

The Government however, states that it specifically charged the Defendant in a manner which would allow the sentencing court, if it desires, to apply the guideline sentencing range available under the Fair Sentencing Act. The Government states that it will not object to the application the sentencing guidelines promulgated under the Fair Sentencing Act.

Because the Government is not objecting to the Defendant being sentenced under the Fair Sentencing Act of 2010, and because, at any rate, the statute was not made retroactive, the undersigned concludes that the Defendant's motion to dismiss should be denied.

\* \* \*

In accordance with the Memorandum above,

**IT IS HEREBY RECOMMENDED** that Defendant Gholson's Motion to Dismiss Count Three of Indictment [Doc. #250] be **denied**.

Further, the parties are advised that they have fourteen (14) days, in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Terry I. Adelman
                                    UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of June, 2011.